IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.,

    Plaintiff,                                  CASE No. 4:22-cv-00105

vs.

LENEER DATA ASSURANCE
SOLUTIONS INC.;
ROBERT ERNEST LESTER, III;
NICOLE M. LESTER;
EVAN LESTER;

    Defendants.
_____/

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. § 1332.

2. Defendants Robert Lester [Debtor], Nicole and Evan Lester [Co-Debtors] are domiciled in and citizens of Florida, the place of incorporation and principal place of business of Defendant Leneer [Business].

3. Defendants have authority to act as behalf of, as agents of each other, such as the transactions, acts and omissions at issue.

4. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00,

1

such as relief in law or equity. Per § 1367, jurisdiction exists over all claims. The case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

5. Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue to which they are subject. The Loan at issue and its governing Instruments stipulate they were applied for, considered in, funded from and to be performed here. They are governed by Georgia law, applicable to claims at issue, may be enforced here or Georgia, waive defenses of personal jurisdiction and venue, as they agreed, who subjected themselves to jurisdiction in either forum with their property and assets. Business is operated by Debtors in Tallahassee. Debtors are related to Business and bound by the Instruments, per their common ownership of Business, of property secured by the Loan or other conduct in which they participated. It was foreseeable Debtors would be bound by the Instruments, per their terms, whose rights derive from Business as detailed below.

6. Personal jurisdiction exists and is otherwise proper under Fla. Stat. § 48.193 *et seq* and the Constitution as to Defendants, their property and assets. They regularly engage in foreseeable, intentional, continuous, and systematic contacts here, reside here, conduct business or perform work here, contract with citizens here or own property here. They have sufficient minimum contacts, in general and

as to this case. Their specific contacts relate to or gave rise to the claims at issue, who availed themselves to this forum and could anticipate being sued here. Defendants transacted a commercial loan at issue with Plaintiff involving their business here which they operated for years. Exercising jurisdiction over them here does not violate their right to due process or offend traditional notions of fair play and substantial justice.

7.   Defendants conduct a data business, sharing its offices, officers, staff, property and assets and liabilities which constitutes their enterprise.

8.   Business and Debtor, applied for a commercial loan [Loan] at Plaintiff's Georgia office. They represented in the application process that Debtor[s] could bind the Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied, which they and Co-Debtors assumed adopted and ratified. Debtor and Business did not disclose any financial issues with Business to Plaintiff or the involvement of Co-Debtors with the Business and the Loan.

9.   On or about 11/15/19 [Closing], Business, through Debtor, executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of $224,000.00 at Plaintiff's Georgia office, in exchange for its Funds with a loan guaranty fee, confirming all information in the loan application and Defendants assumed, adopted and ratified the Note [Note ¶¶ 1-5].

10. The Note is breached and in default if (i) <u>its amounts are not received when due</u>; (ii) Business <u>breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting</u>; <u>a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days</u> (iv) <u>Business ceases to exist</u> (v) obtains another loan without written permission [Note ¶ 6].

11. The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who become liable for it, such as Debtors who assumed, adopted, ratified and waived defenses to it aside from payment, which provides:

> *<u>Borrower and all others</u>* who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *<u>any defense, including but not limited to the defense of the statute of limitations in any action or proceeding brought for the obligations due, arising under or related to this Note aside from the defense of payment in full.</u>* No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower under this Note or the right of Lender to take further action without further notice to Borrower. [Note ¶13].
>
> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *<u>absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff</u>* [emphasis added] [Note ¶14].

12. The Note is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction and venue in

4

any action arising from or relating to the Loan [Note ¶¶ 20, 23-24] which Defendants assumed. adopted and ratified.

13.     The property and assets of Business and all others who are or become liable for or are bound by the Loan, are encumbered as its collateral under a Security Agreement in the Note, which Defendants ratified, which provides:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the UCC. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation [Note ¶ 21].

14. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of an obligor for debt owed under the Loan [Note ¶ 25] which the Defendants assumed, adopted and ratified.

15. On or about the Closing, Debtor executed and delivered a Guaranty of the Note/Security Agreement to Plaintiff, confirming all information in the loan application process which Defendants adopted and ratified [Guaranty p. 1].

16. The Guaranty is breached and in default based upon a breach of and default on its terms or any breach of and default on the Note [Guaranty p. 1].

17. The Guaranty is Debtor's unconditional legal obligation to satisfy the Loan, with all others who become liable for it, with their estates, executors, administrators, heirs, successors and assigns, such as Co-Debtors, who assumed, adopted and ratified it, waiving defenses to it aside from payment, which provides:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each

Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

*Guarantor and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full. No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty 5 or the right of Lender to take further action without further notice to Guarantor. [Guaranty ¶ 8].

18.   The Guaranty is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction and venue in any action arising from or relating to the Loan [Guaranty ¶¶ 10, 12] which Co-Debtors adopted and ratified.

19.   The property and assets of Debtor with all others who are or become liable for or are bound by the Loan, was encumbered as its collateral under the

Security Agreement in the Note, which Defendants assumed, adopted and ratified, as the Guaranty states:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) *the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note;* (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower[Guaranty ¶1].

20. Plaintiff may enforce the Loan as to Debtor and all others who become liable for and are bound by the Loan under the Guaranty, such as Co-Debtors, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶ 11, 14, 20].

21. At the Closing, Debtor executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which Defendants ratified and adopted.

22. At the Closing, Defendants received the Loan Funds by wire transfer into their account from Plaintiff, which they retained and did not return.

23. Defendants assumed and adopted and ratified the Note, Guaranty, Security Agreement and any Modifications [Instruments]. Upon information,

8

Defendants used the Funds for improper purposes to maintain or purchase property subject to the Loan, for which Defendants are liable. Debtors are relatives of each other and officers and owners of Business who, upon information, equally share its profits and losses as an enterprise, as their alter-ego.

24. Debtors entirely control Business in which they have a unity of interest as its de-facto owners and direct its business activities and decisions. Debtors exercise domination and control over Business and used its property and assets to secure loans and other financing, such as the Loan, to personally benefit themselves. They direct the use of the property and assets of Business and determined which of its creditors are paid or not paid, such as Plaintiff. They misused the property and assets of Business to avoid significant debt, such as those owed by Robert and Nicole Leneer which exceed $100,000.00 upon information. They directed and caused at least a portion of their assets to be transferred to Business to avoid collection of those significant tax debts. Debtors decide which, if any property and assets of Business are encumbered as collateral for the loans and other financing which they obtain through Business to benefit themselves but which they do not repay, such the as the Loan.

25. The Instruments secure and encumber the property and assets of Defendants such as but not limited to the below property as part of their enterprise:

(a) <u>1548 Spruce Ave Tallahassee FL 32303, Leon Parcel Id 111730 J0180, a/k/a Lot 18, Block J of Betton Hill, Plat Book 2, p. 80, owned by Debtor</u> per a warranty deed recorded 8/19/02, at Leon Book R2714, Page 1361.

(b) <u>2825 Glen Mawr Road, Jacksonville, Florida 32207, Duval Parcel Id. 125828-0000, owned by Debtor.</u>

(c) Any real or personal property owned by Defendants.

(d) The interests of Debtors in the Business and any other business, of which they are agents, owners, members and officers, which they owned any time.

(e) Any property and assets encumbered by other debts of Defendants, satisfied by the Loan, into which Plaintiff is subrogated [prior loans].

(f) These and other properties and assets of Defendants are not subject to to a homestead or other protection or exemption, waived by the Instruments or their misconduct, which were purchased, improved or maintained with the Funds or otherwise invalid.

(g) The properties and assets of Defendants are subject to any UCC-1 or other notice as to the Loan and Instruments by Plaintiff and to jurisdiction here.

26. The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ ¶ 2, 14, Guaranty ¶¶ 1-3]. Co-Debtors are "liable for its amounts due" as "successors and assignees" of Debtor and Business [Note ¶ 13, Guaranty ¶¶ 3, 8]. It bars their

counterclaims, offsets and defenses except payment [Note ¶ 13-14, Guaranty ¶¶ 2, 8]. It provides for payment of interest, costs, charges and fees [Note ¶¶ 2, 5, 8, 10, Guaranty ¶¶ 1,7]. It is enforceable by remedies Plaintiff may simultaneously pursue, including on the debt and Security Agreement [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 11, 14, 20]. It was ratified by Business and Debtors.

27. Business and Debtors breached and defaulted on the Instruments, such as but not limited to misrepresentations when obtaining the Loan, defaulting just after the Closing, failing to disclose their debts or those of Business, failing to make payments, obtaining unapproved loans, dissipating, disposing of and benefitting from property and assets secured by the Loan such as theirs. They did so to impair, hinder, delay and prevent enforcement of the Loan, to defraud Plaintiff after the Closing, which they did not cure even after demand by Plaintiff. These matters require equitable relief, for which there is no adequate legal remedy given this conduct for which Business and Debtors are liable, as Business was undercapitalized and was conducted as an alter-ego of the Debtors for their benefit.

28. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them prior to commencing suit, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges provided by law and their terms [Note ¶¶ 2, 5, 7, 8, 9, 10, 12, Guaranty ¶¶ 1, 7].

29. Plaintiff reasonably relied upon the representations of Defendants though Debtor and paid the Funds to them, which closed the Loan with them.

30. Defendants accepted the Funds, with which they are wrongfully or unjustly enriched at Plaintiff's expense, retaining them, their property and assets.

31. Defendants are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

32. All interests in the property and assets of Defendants are subject to, subordinate and inferior to Plaintiff's interest, of which they had notice or knowledge, who are not prejudiced or subjected to injustice by the relief sought.

33. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

### **COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS**

34. ¶¶ 1-33 are incorporated.

35. The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as Defendants which they assumed, adopted and ratified.

36. The Instruments are secured by all property and assets of Defendants by their terms and or per their conduct, which they assumed, adopted and ratified.

37. Defendants breached the Instruments, requiring enforcement of the Instruments as to their property and assets, per the terms of the Instruments or based on their conduct. They accepted and wrongfully retain the Funds and are otherwise unjustly enriched by retaining them with their property and assets.

38. Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

39. The Instruments are enforceable as to the property and assets of Defendants as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone, reflecting the obligations of the Defendants under the Loan.

40. Per 28 U.S.C. § 2201, § 2001 *et seq* and applicable law, Plaintiff requests the Court declare and establish Defendants are liable for the Instruments, as a secured interest in their property and assets, enforceable as an equitable lien or mortgage, constructive trust or like remedy, and Plaintiff is subrogated into any prior loans, judicially foreclosing its secured lien interest in all property, and assets of Defendants, such as the above properties, their fixtures, appurtenances, rents, contents and insurance for the principal sum of its Loan, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, subject to prior liens, issuing a post-sale writ of possession and of

ejectment for Plaintiff or any purchaser, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief.

## COUNT II: BREACH OF INSTRUMENTS
## AS TO ALL DEFENDANTS

41.   ¶¶ 1-33 are incorporated.

42.   Defendants ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors.

43.   Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

44.   Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

45.   Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

46.   Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

47.   Plaintiff demands judgment for its damages on the Instruments as to Defendants for their principal balance, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

48.     ¶¶ 1-33 are incorporated.

49.     Defendants induced and encouraged Plaintiff to confer the Funds upon them through Debtor which they assumed, adopted and ratified.

50.     Plaintiff provided the Funds to Defendants expecting their repayment through Debtor, of which they appreciated, consented, benefitted and ratified.

51.     Defendants retained the Funds which should be repaid, who are are otherwise unjustly enriched by them at Plaintiff's expense.

52.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

53.     Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as its equitable relief, an equitable lien or mortgage or constructive trust on their property and assets.

## COUNT IV:  MONEY HAD AND
## RECEIVED AS TO ALL DEFENDANTS

54.     ¶¶ 1-33 are incorporated.

55.     Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

56.     Defendants should not retain and unjustly enrich themselves with the Funds at Plaintiff's expense which is entitled to them in good conscience and equity.

15

57. Plaintiff made demand for repayment of the Funds upon Defendants through Debtor which was refused and/or unnecessary and/or futile.

58. Plaintiff demands judgment as to Defendants for the unpaid balance of the Funds, plus interest, costs and all just relief, including its equitable remedies.

59. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 8th day of March 2022.

By: */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 140171